## SUPREME .COURT.

### DEXTER, President of the Bank of Whitestown, agt. GARDNER and others.

The free school law (*Session Laws* 1849, *page* 534, § 16), repeals section 132 of the 5th article, chapter 480 of the act of 1847, which contains the powers of the State Superintendent to hear and decide *appeals* in certain matters therein stated. This 5th article in the act of 1847 is, by the 7th section of that act made a *substitute* for the corresponding article in the Revised Statutes. containing the same powers as to appeals · (*Art. 5, tit. 2, ch. 15, part 1,* § 124, *1st vol. page* 487). Consequently the repeal of the 132d section of article 5 in the act of 1847, divests the state superintendent of all power of hearing and deciding upon the appeals therein given.

Therefore, in any suit brought against town superintendents. or officers of school districts, under the act of 1847, and as prescribed by section 146 of that act (*Session Laws of* 1847, *page* 714), the plaintiff, on recovery, is entitled to *costs*. That section requiring that the subject matter of the action "*might have been the subject of appeal to the superintendent*"; and not allowing costs against such officers if the court certified that it appeared on the trial that they acted in good faith.

An extra allowance for costs under § 308 of the Code. denied, where the trial occupied but two or three hours, and nothing peculiar in the character of the cause, although the questions were somewhat complicated. (*The reasoning in the case of Howard agt. The Rome and Turin Plank Road Co.* 4 *How.* Pr. R. 416, *adhered to*).

*Oneida Special Term, April* 1851. This suit was tried at the late Oneida circuit, and resulted in a verdict for the plaintiff. It was brought against the defendants, who were trustees of a school district in Whitestown, to recover the amount of a school house tax of $1069.09, imposed on the Bank of Whitestown, and collected

of the bank. The application was made at this time, by consent, for a certificate that it appeared on the trial that the defendants had acted in good faith, and for a decision that they be relieved from the payment of costs under the 146th section of chap. 480 of the Laws of 1847. At the same time a cross motion was made for an allowance under section 308 of the Code.

W. Tracy, *for Defendants.*

T. R. Flandreau, *for Plaintiff.*

Gridley, Justice.—In the view I have taken of this case, it will be unnecessary to consider the various questions of law and fact discussed on the argument, bearing on the questions of the good faith of the defendants. For, if I should grant the certificate, I am still of opinion that it would not avail the defendants.

The provisions under which this motion is made, is found in section 146 of chapter 480 (*Laws of* 1847, *p.* 714). It reads as follows: " In any suit, which shall hereafter be commenced against town superintendents, or officers of school districts, for any act performed by virtue of, or under color of their offices, or for any refusal or omission to perform any duty enjoined by law, *" and which might have been the subject of an appeal to the superintendent,* no costs shall be allowed to the plaintiff in cases *where the court shall certify that it appeared on the trial of the cause, that the defendants acted in good faith."* The difficulty in the way of the defendants, is, that the grounds on which the suit was brought, could not have been the subject of an appeal to the superintendent. The superintendent is an *administrative* and not a *judicial officer,* and can entertain no appeal by virtue of his *general powers,* but is confined exclusively to the express powers conferred by the act. This jurisdiction was conferred upon him by the last section of article 5th, title 2d of chap. 15 of the 1st part of the Revised Statutes (1 *R. S.* 487, § 124). In chap. 480 of the laws of 1847 (*p.* 684, § 7), it is provided " that the third, fourth, fifth and sixth articles of title 2, chapter 15, part 1st of the Revised Statutes, shall be, and the same are hereby amended *so as to read as follows:"* then follow the several articles entirely rewritten, and much, extended. The *fifth article,* in

which the powers of hearing and deciding appeals is given to the state superintendent, is entirely reconstructed; is much enlarged; is separated into several distinct divisions, and is, under section seventh, before cited, made a *substitute* for the corresponding article before mentioned in the Revised Statutes. That article is so amended as to read as the fifth article does in the act of 1847. Of course some of the sections are transferred without alteration, from the Revised Statutes, to the article which was to take its place in the system of laws on the subject of common schools. Among the sections thus transferred is the one which gives the authority to the superintendent to hear and decide appeals. That provision is found, without alteration, in section 132 of the act of 1847. After the passage of the act for submitting the free school law to the people, and on the 11th of April 1849, the legislature amended chapter 480 of the laws of 1847, in various particulars, and repealed in express terms section 132, which alone gives the power of hearing appeals, to the superintendent (*see Laws of* 1849, *p.* 534, § 16). By the repeal of this section the superintendent was divested of all power to hear and decide appeals as completely as though it had never been conferred upon him. To this, it is said, that the repeal of section 132 of the act of 1847, revives the corresponding provision in the Revised Statutes. I think not; the fifth article in chapter 480 of laws of 1847, takes the place of the fifth article of title 2 of chapter 15 of the first part of the Revised Statutes. The article in the Revised Statutes was so amended as to read in the very language of the article in the laws of 1847. In fact that article became substituted by the amendment, in the place of the old article in the Revised Statutes. The repeal extinguishes, therefore, the jurisdiction of the superintendent, as effectually as if the original section conferring it had never been enacted, and had itself been repealed. Again it is said that the repeal of this section was done by mistake; we have no means of knowing that. The printed statute book is conclusive evidence upon all courts. A *casus omissus*, or an inadvertent omission on the part of the legislature, has never been held equivalent to an enactment of

what had been unintentionally omitted (1 *Term Rep.* 52). The words being clear and certain, do not admit of any construction consistent with the continued right of appeal (6 *B. & C.* 475). The powers of appeal is utterly subverted. The superintendent is divested of his judicial character, and has no more jurisdiction to hear an appeal than the trustees themselves, or any other officer who is clothed with purely administrative powers. It is true, that an appeal is given by the 40th section of the act of 1841 (*Laws of* 1841, *p.* 244), in all cases arising under that act. But this question arises under the 62d section of the act of 1847. The powers of appeal in the present case, therefore, can not be aided by the provision referred to in the act of 1841. For this reason, therefore, without expressing any opinion on the other questions discussed on the argument of the motion, the application is denied.

The motion for an allowance is also denied. I can not assent to the construction given by Judge BARCULO to the 308th section of the Code, in 5 *Howard,* 121. I adhere to the interpretation given to the provision under consideration in the case of Howard vs. The Rome and Turin Plank Road Co. (4 *Howard,* 416). The trial occupied only two or three hours; and there was nothing peculiar in the character of the cause, though the questions were somewhat complicated (see also 4 *Howard,* 71, 185, 252, 441).